**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTHER GOMEZ, | No. 06-72861 |
| Petitioner, | Agency No. A096-054-866 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Esther Gomez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's ("IJ") removal order.  We have jurisdiction under 8 U.S.C. § 1252.  We

review for substantial evidence the agency's continuous physical presence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

determination, *Lopez-Alvarado v. Ashcroft*, 381 F.3d 847, 850-51 (9th Cir. 2004), and review de novo due process claims, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Gomez failed to establish the requisite continuous physical presence where Gomez testified and amended her application for cancellation of removal during proceedings to reflect that she had entered on November 26, 1998, a date less than ten years before she was served with a Notice to Appear ("NTA"). *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1)(A) (the accrual of continuous physical presence stops when alien is served with the NTA).

Because Gomez fails to establish error, it follows that she has not shown a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to succeed on a due process claim).

Gomez's contention that the BIA erred in not remanding her case with her spouse's case is unpersuasive.

**PETITION FOR REVIEW DENIED.**